**UNITED STATES of America,**

v.

**Monte Clay MOSLEY, Defendant.**

**No. Crim.A. 95–0016–C.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

Feb. 18, 1998.

Ray B. Fitzgerald, Jr., U.S. Attorney's Office, Charlottesville, VA, for United States.

Billy L. Ponds, The Ponds Law Firm, Washington, DC, for Monte Clay Mosley.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

Before the court is the defendant's January 30, 1998 Motion for New Trial Based on Newly Discovered Evidence Pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Because the motion is not well-taken for the reasons explained more fully below, the court will deny the same.

### I.

### The Rule

Rule 33 states, in pertinent part,

The court *on motion* of a defendant may grant a new trial to that defendant if required in the interest of justice.... A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years of final judgment....

Fed.R.Cr.P. 33 (emphasis added).

The court begins its analysis by finding the instant motion timely made.

### II.

### Necessity of a Hearing

■ A motion for a new trial may be decided upon the pleadings or affidavits submitted to the court without a hearing. *United States v. Adi,* 759 F.2d 404 (5th Cir.1985); *see also United States v. Smith,* 62 F.3d 641,

651 (4th Cir.1995) ("Just as the district court has broad discretion in resolving a new trial motion, ..., so too does enjoy discretion whether to hold an evidentiary hearing on the motion.") (citations omitted). It is within the sound discretion of a district court to determine whether or not a hearing is necessary to determine a request for a new trial. *Id.; United States v. Hedman,* 655 F.2d 813 (7th Cir.1981). Absent "exceptional circumstances," a defendant is not entitled to an evidentiary hearing on his motion for a new trial based on newly discovered evidence. *United States v. Provost,* 777 F.Supp. 774 (D.S.D.1991), *after amended for publication and refiled.* A hearing is particularly unnecessary when the court entertaining the Rule 33 motion is the same court to have presided at the defendant's trial. *Id.* As well, when a defendant has not requested a hearing in the motion itself, as here, a court has even more latitude to find that no "exceptional circumstances" exist justifying a hearing. *United States v. Bednar,* 776 F.2d 236 (8th Cir.1985).

■ Because this court, as the presiding trial court, is thoroughly familiar with the case and because, again, defendant does not request a hearing on his motion, the court holds that the motion presents no "exceptional circumstance" requiring any such hearing. Accordingly, the court will reach the merits of the motion based solely on defendant's pleading.

### III.

### The Merits

The Fourth Circuit has developed a five-part test for evaluating Rule 33 motions based on newly discovered evidence. In *United States v. Chavis,* 880 F.2d 788, 793 (4th Cir.1989), the court held that a motion for a new trial based on assertedly new evidence should be granted if and only if: (1) the evidence is, in fact, newly discovered; (2) the movant exercised due diligence in discovering the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues; (5) the evidence probably would result in the mov-

ant's acquittal at a new trial. *Id.* A movant must meet each of the five *Chavis* elements in order for his Rule 33 motion to be granted. *Id.*

■ Here, the defendant's motion fails, at least, the first prong of the *Chavis* test, *to wit,* the requirement that the evidence, in fact, be newly discovered. The defendant complains that one member of the jury *venire,* a Mr. Turner, Sr., "was well acquainted with one government witness" and was related by blood to that same government witness as well as to one defense witness. Motion at 3.[1] The defendant contends that the *venireman's* failure to answer truthfully the court's *voir dire* question of whether he knew any potential trial witnesses "violated Defendant's right to a trial by an impartial jury and is grounds for granting a new trial under Rule 33...." Motion at 5. The defendant asserts, finally, that "the evidence of Mr. Turner's relationship and acquaintance with the individuals mentioned was not known to Defendant until very recently." Motion at 7–8.

To put it bluntly, the court finds it unfathomable that the defendant would not have been made aware by his own witness—if he did not already know—of the relationship between Mr. Turner and that witness. That being so, the court only can conclude that, armed with such knowledge, the defendant sat mum through *voir dire* and trial confident, or at least hopeful, that, if anything, Mr. Turner's presence on the jury would work to the benefit of the defendant's desire for an acquittal, given the juror's close kinship with the defendant's would-be witness. The court finds immaterial the fact that the defendant's witness ultimately did not testify; the much-maligned Mr. Turner almost certainly knew of his nephew's intention to testify for the defendant and would have considered that extraneous factor as much as his familial ties with the government's witness during jury deliberation, if at all. Thus, the court concludes that any bias that Mr. Turner could have brought to bear on the verdict would have been awash at the end of the day.

---

**1.** The motion claims that Mr. Turner is the uncle of the defense witness but does not make clear the alleged relationship between Mr. Turner and the government's witness.

Because the court finds that the defendant knew of Mr. Turner's assorted relationships during *voir dire* and trial and, in effect, sat on his hands while gambling for an acquittal, the defendant has waived his right to complain of the jury's makeup at this late date. The defendant, thus, fails to meet prong one of the above-recited *Chavis* test because the evidence the defendant now presents is not, in fact, newly discovered. Accordingly, the court will deny defendant's Rule 33 motion for a new trial.